The Honorable Christopher M. Alston
Chapter 13
Hearing Date: January 28, 2021
Hearing Time: 9:30 AM
Hearing Location: Telphonic
Response Due: January 22, 2021

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Walter Daniel Hudson and Andy Mitchell Cornelius,

Debtors.

Case No. 20-12703-CMA

Chapter: 13

DECLARATION OF WALTER DANIEL HUDSON AND ANDY MITCHELL CORNELIUS IN SUPPORT OF DEBTORS' MOTION FOR CONFIRMATION OF AMENDED CHAPTER 13 PLAN

We, Walter Daniel Hudson and Andy Mitchell Cornelius do hereby declare as follows:

1. We are the debtors in this chapter 13 case and we have personal knowledge of the information in this declaration.

2. We are amending Schedule C of our bankruptcy schedules to change our exemption scheme from federal exemptions to state exemptions which affects all the exemptions for our real and personal property, including our homestead on which we are protecting the equity in our house of $125,000.00.

3. We deleted two savings bank accounts from Schedule B for US Bank and Wells Fargo that were erroneously listed on our bankruptcy schedules and we added a BECU savings bank account which is the only savings account we have.

4. We have also made a change the description of potential claims in Schedule B - #33 – "Claims against third parties" with the description as follows:

| OLD Sched B - #33 – "Claims against third parties" | NEW Sched B - #33 – "Claims against third parties" |
|---|---|
| Potential claim against National Debt Relief, LLC and the Law Offices of Robert S. Gitmeid & Assoc., PLLC for violations of the Washington State Consumer Protection Act (RCW 19.86 et al), violations of the Debt Adjusting Act (RCW 18.28 et al), and for Fraulent Transfer under 11 U.S.C. 548. | Potential claim against (1) National Debt Relief, LLC, (2) The Law Offices of Robert S. Gitmeid & Assoc., PLLC, (3) Global Holdings, LLC, (4) Jonathan Baner, and (5) Baner & Baner Law Firm, PLLC, for violations of the Washington State Consumer Protection Act (RCW 19.86 et al), violations of the Debt Adjusting Act (RCW 18.28 et al), violations of the Credit Services Organizations Act (RCW 19.134 et al); violations of the Credit Repair Organizations Act (15 U.S.C. § 1679-1679); Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C § 6101 *et seq.*); and the Commercial Telephone Solicitation Act (RCW 19.158 et al); for Fraudulent Transfer under 11 U.S.C. 548 and for |

5. We made amendments to our schedule J to reflect a realistic budget as we confirmed that we have a mortgage forbearance until December 2020 and we have applied for a mortgage modification.

6. Additionally, we made amendments were made to the Statement of Financial Affairs, #17 to including payments made within a year to National Debt Relief and The Law Offices of Robert S. Gitmeid & Assoc., PLLC to deal with creditors or to make payments to creditors.

7. Lastly, the filed Amended Chapter 13 plan reflects the budget we have approved and we have attached it hereto as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of December 2020 at Seattle, WA.

_/s/ Walter Hudson_
Walter Hudson

_/s/ Andy M. Cornelius_
Andy Cornelius

DECLARATION OF WALTER DANIEL HUDSON
AND ANDY MITCHEL CORNELIUS IN SUPPORT
OF THE CHAPTER !# PLAN - 2

HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 / 206-400-7609 Fax

Case 20-12703-CMA    Doc 23-1    Filed 12/30/20    Ent. 12/30/20 09:14:34    Pg. 2 of 8

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 20-12703 |
|---|---|
| Walter Daniel Hudson and Andy Mitchell Cornelius, | CHAPTER 13 PLAN |
| | __Original  _X_ Amended |
| Debtor(s). | |

**I.   Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt:**
  A.  Does this plan contain any nonstandard provisions (check one)?
  _X_ Yes
  ___ No
  B.  Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
  ___ Yes
  _X_ No
  C.  Does this plan avoid a security interest or lien (check one)?
  ___ Yes
  _X_ No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void.  Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

**II.  Means Test Result and Plan Duration:**
The Debtor is (check one):
  ____ a below median income debtor with a 36 month applicable commitment period.
  _X_ an above median income debtor with a 60 month applicable commitment period.

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation.  If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

**III. Plan Payments to the Trustee:**
No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
  A.  AMOUNT: **$2,818.00**
  B.  FREQUENCY (check one):
  _X_ Monthly
  ___ Twice per month
  ___ Every two weeks
  ___ Weekly
  C.  TAX REFUNDS: The Debtor (check one):
  ___ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
  _X_ does not commit all tax refunds to funding the plan.
  If no selection is made, tax refunds are committed.
  D.  PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
  E.  OTHER: _____

**IV.   Distribution of Plan Payments by the Trustee:**

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:
   1. <u>Trustee</u>: The percentage set pursuant to 28 U.S.C. § 586(e).
   2. <u>Other administrative expenses</u>: As allowed pursuant to 11 U.S.C. §§ 507(a)(2) or 707(b).
   3. <u>The Debtor's Attorney's Fees</u>: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $__4000.00__. $__500.00__ was paid prior to filing.
   Approved attorney compensation shall be paid as follows (check one):
   ___ Prior to all creditors.
   ___ Monthly payments of $___
   __X_ All remaining funds available after designated monthly payments to the following creditors:_Shellpoint Mortgage_____.
   ____ Other: _____.
   If no selection is made, approved compensation will be paid after the monthly payments specified in Sections IV.B and IV.C.

B. CURRENT DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Monthly Amount |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

C. SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. Unless ranked otherwise, payments to secured creditors will be disbursed at the same level. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

The interest rates in the plan control except that (a) a lower interest rate included in a creditor's proof of claim shall control; and (b) the interest rate included in a creditor's proof of claim for a claim secured by a mortgage or deed of trust on real property shall control, unless otherwise provided in Section X or ordered following an objection to a proof of claim or in an adversary proceeding. If the interest rate is left blank, the interest rate shall be 12% except that the interest rate for arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment amounts in the creditor's proof of claim and notice of payment change control unless otherwise provided in Section X.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

   1. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral |
|---|---|---|---|
| _1_ | $_2516.22 | New Rez LLC--------- | _Residence_____ |
| ____ | $_____ | _____ | _____ |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|

[Local Bankruptcy Form 13-4, eff. 12/17]                     2

| Rank | Monthly Payment | Creditor | Collateral | | Interest Rate |
|---|---|---|---|---|---|
| 2 | $ 0.00 | New Rez LLC-- | Residence | $ 22,000 | 0 % |
| | $ | | | $ | % |
| | $ | | | $ | % |
| | $ | | | $ | % |

    2. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence</u>:

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|---|
| | $ | | | % |
| | $ | | | % |
| | $ | | | % |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| | $ | | | $ | % |
| | $ | | | $ | % |
| | $ | | | $ | % |

    3. <u>Payments on Claims Secured by Personal Property</u>:

        a. <u>910 Collateral</u>:

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
| | $ | | | $ | % |
| | $ | | | $ | % |
| | $ | | | $ | % |
| | $ | | | $ | % |

        b. <u>Non-910 Collateral</u>:

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise provided in Section X or ordered following a timely objection to a proof of claim or in an adversary proceeding, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Debtor's Value of Collateral | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
| | $ | | $ | | $ | % |
| | $ | | $ | | $ | % |
| | $ | | $ | | $ | % |
| | $ | | $ | | $ | % |

    D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

    E. NONPRIORITY UNSECURED CLAIMS: No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim

[Local Bankruptcy Form 13-4, eff. 12/17]    3

shall be paid before it is due.  The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):
\_\_\_\_ 100%
__X__ At least $ __0.00__ .

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| **Rank** | **Creditor** | **Amount of Claim** | **Percentage To be Paid** | **Reason for Special Classification** |
|---|---|---|---|---|
| \_\_\_\_ | _____ | $_____ | _____ % | _____ |
| \_\_\_\_ | _____ | $_____ | _____ % | _____ |

**V.  Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

   A.  DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| **Creditor** | **Current Monthly Support Obligation** | **Monthly Arrearage Payment** |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

   B.  OTHER DIRECT PAYMENTS:

| **Creditor** | **Nature of Debt** | **Amount of Claim** | **Monthly Payment** |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**VI.  Secured Property Surrendered**:
The secured property described below will be surrendered to the following named creditors on confirmation. The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| **Creditor** | **Property to be Surrendered** |
|---|---|
|  |  |

**VII.  Executory Contracts and Leases**:
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Section V, unless otherwise specified in the plan.  Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C § 365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| **Contract/Lease** | **Assumed or Rejected** |
|---|---|
|  |  |

**VIII.  Property of the Estate:**
Property of the estate is defined in 11 U.S.C. § 1306(a).  Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the Debtor may dispose of

unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate. The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

## IX. Liquidation Analysis Pursuant to 11 U.S.C. § 1325(a)(4):

The liquidation value of the estate is $ _796.80_ . To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of _0.00_ % per annum from the petition date (no interest shall be paid if left blank).

## X. Nonstandard Provisions:

All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

1) IV.C.1 – The debtors have been in a COVID-19 forbearance on their mortgage payments since April 2020 and it will end in December 2020. See Dkt No. 19. Thus, no payments should be made to New Rez, LLC dba Shellpoint Mortgage Servicing until their January 2021 payment is due.

2) IV.C.2 - The debtors have received a trial period plan (TPP) offer from New Rez, LLC dba Shellpoint Mortgage Servicing and thus plan is not proposing any arrearage payments because they will be resolved by a permanent loan modification. However, should that modification not be finalized by August 2021, the Debtors will modify their plan to address the mortgage arrears.

3) IX - The debtors shall pay 50% of any non-exempt amounts recovered to the Chapter 13 Trustee, after the payment of costs and attorneys' fees for their potential claims against (1) National Debt Relief, LLC, (2) The Law Offices of Robert S. Gitmeid & Assoc., PLLC, (3) Global Holdings, LLC, (4) Jonathan Baner, and (5) Baner & Baner Law Firm, PLLC for the Trustee to disburse to allowed unsecured claims.

4) The debtors will file a motion to avoid the judgment lien of American Express under 11 USC 523(f).

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

/s/ Christina L Henry
Attorney for Debtor(s)

12/28/2020
Date

DEBTOR    12/28/2020
          Date

DEBTOR    12/28/2020
          Date

[Local Bankruptcy Form 13-4, eff. 12/17]    5